IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| MONTRE STEWART, *The Estate of Montre Stewart by and through her Personal Representative, Dana Stewart personal representative*, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 2:25-cv-13351-DCN |
| | ) | **ORDER** |
| KATHERINE BURLESON, CLAY BURLESON, GEICO, and PROGRESSIVE NORTHERN INSURANCE COMPANY, | ) ) ) ) | |
| Defendants. | ) ) ) | |

This matter is before the court on co-defendant Clay Burleson's ("Clay") motion for judgment on the pleadings and motion to dismiss, ECF No. 8. For the reasons set forth below, the court denies the motion.

## I.  BACKGROUND

This suit arises from a motor vehicle accident that occurred on Interstate 95 in Dorchester County, South Carolina on July 20, 2025. ECF No. 1-1, Compl. ¶ 9. Montre Stewart (the "Decedent") came to a stop as traffic slowed in the northbound lane of the interstate. Id. ¶ 10. Co-defendant Katherine Burleson ("Katherine") (together, with Clay, "Burlesons")[1] was driving behind Decedent at a speed of seventy-seven (77) miles per hour, seven (7) miles per hour over the posted speed limit. Id. ¶ 14. Katherine's vehicle then collided with Decedent's vehicle, leaving her speedometer frozen at seventy-five

---

[1] Katherine is Clay's daughter. Compl. ¶ 28.

1

(75) miles per hour.  Id. ¶ 17.  Decedent suffered "horrific injuries, which ultimately proved fatal[ ]" as a result of the accident.  Id. ¶ 18.  The complaint alleges, "[u]pon information and belief," that Katherine was "distracted by her cellular phone and/or another electronic device in both the minutes and seconds immediately prior to impact," which resulted in the collision with Decedent's vehicle.  Id. ¶ 15.

On October 8, 2025, Decedent's surviving husband, plaintiff Dana Stewart ("Stewart"), brought this action on behalf of Decedent's estate in the Dorchester County Court of Common Pleas, naming the Burlesons as defendants.  ECF No. 1-1, Compl.; Stewart v. Burleson et al., No. 2025-CP-18-02302 (Dorchester Cnty. Ct. C.P. Oct. 8, 2025).  The Burlesons removed the suit to this court on November 11, 2025, claiming diversity jurisdiction.  ECF No. 1 ¶ 2.  Stewart asserts a negligence claim against Katherine and two claims against Clay—one pursuant to South Carolina's family purpose doctrine and the other for negligent entrustment.  Id. ¶¶ 20–47.  Clay moved for judgment on the pleadings as to the family purpose doctrine claim pursuant to Rule 12(c) and moved to dismiss the negligent entrustment claim pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure.  See ECF No. 8 at 5, 7–8.  Stewart responded in opposition November 21, 2025, ECF No. 13, and Clay replied on December 1, 2025, ECF No. 14.  The court held a hearing on the motion on January 20, 2026.  ECF No. 20. As such, the motion is fully briefed and now ripe for the court's review.

## II.  STANDARD

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint."  Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v.

Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When considering a Rule 12(b)(6) motion, the court should accept all well-pleaded allegations as true and view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). However, the court does not accept as true any allegations that are merely "[t]hreadbare recitals of the elements of a cause of action, supported by . . . conclusory statements[.]" Ashcroft, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. Allegations that are "merely consistent with" a defendant's liability "stop[ ] short of the line between possibility and plausibility of entitlement to relief. " Twombly, 550 U.S. at 557 (internal quotation marks and citation omitted). Determining whether a complaint states a plausible claim for relief is a "context specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft, 556 U.S. at 679.

The Rule 12(b)(6) standard for a motion to dismiss also applies to motions for judgment on the pleadings made pursuant to Rule 12(c).  Deutsche Bank Nat'l Trust Co. v. I.R.S., 361 F. App'x 527, 529 (4th Cir. 2010).  Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  Because Rule 12(b)(6) and 12(c) motions are judged under the same standard, the Rule 12(c) standard is "fairly restrictive[,]" as "hasty or imprudent use of this summary procedure by the courts violates the policy in favor of ensuring to each litigant a full and fair hearing on the merits of his or her claim or defense."  5C Wright & Miller's Federal Practice and Procedure § 1368 (3d ed. 2011).  The court is thus "mindful that a Rule 12(c) motion tests only the sufficiency of the complaint and does not resolve the merits of the plaintiff's claims or any disputes of fact."  Massey v. Ojaniit, 759 F.3d 343, 353 (4th Cir. 2014).  Similarly, the court accepts "all well-pleaded allegations in the plaintiff's complaint as true" and draws "all reasonable factual inferences from those [allegations] in the plaintiff's favor."  Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999); see also BET Plant Servs., Inc. v. W.D. Robinson Elec. Co., 941 F. Supp. 54, 55 (D.S.C. 1996) ("[A] defendant may not prevail on a motion for judgment on the pleadings if there are pleadings that, if proved, would permit recovery for the plaintiff.").

Exhibits attached to the plaintiff's complaint may be considered in evaluating a motion to dismiss or a motion for judgment on the pleadings.  See Fed. R. Civ. P. 10(c); Phillips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009); Sherrod v. Harkleroad, 674 F. Appx. 265, 266–67 (4th Cir. 2017).  The court may also consider an exhibit offered by the defendant if it is integral to the complaint and its authenticity is not

in dispute.  See Massey, 759 F.3d at 348–49 ("Open to the district court's consideration were . . . exhibits to the Rule 12(c) motions that were integral to the complaint and authentic."); Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 166 (4th Cir. 2016) (noting that "document submitted by movant" on a 12(b)(6) motion may be considered if the document was "integral to the complaint and there is no dispute about . . . authenticity[ ] even when document was "not attached to or expressly incorporated in a complaint[.]").

### III.  DISCUSSION

The court first analyzes Clay's motion for judgment on the pleadings as to Stewart's family purpose doctrine claim.  See ECF No. 8 at 5–6.  Then, the court turns to Clay's motion to dismiss Stewart's negligent entrustment claim.[2]  See id. at 7.

### A.  Motion for Judgment on the Pleadings: Family Purpose Doctrine

Under the family purpose doctrine, "the head of a family who owns, furnishes, and maintains a vehicle for the general use and convenience of his family" is liable for the negligence of a family member operating the vehicle when that family member has the "general authority to operate the vehicle for such a purpose." Thompson v. Michael, 433 S.E.2d 853, 855 (S.C. Ct. App. 1993).  The doctrine is derived from agency law, imposing liability on a parent "furnishing a car for the use of his family . . . as principal or master when such business is being carried out by a family member using the vehicle for its intended purpose" with the "family member thereby filling the role of agent or

---

[2] Clay also argues in his motion that the Stewart's request for punitive damages should be dismissed.  ECF No. 8 at 6–7.  Stewart consents to dismissal of his punitive damages allegations, ECF No. 13 at 5, and Stewart's counsel affirmed his consent at the hearing held on this motion, see ECF No. 20.  As such, the court dismisses allegations of the complaint pertaining to punitive damages.

servant." Evans v. Stewart, 636 S.E.2d 632, 635 (S.C. Ct. App. 2006) (quoting Campbell

v. Paschal, 347 S.E.2d 892, 897 (S.C. Ct. App. 1986) (internal quotations marks

omitted)). Even when a parent owns the vehicle in question, it still must be determined

"whether the parent provided the car for the general use and convenience of the

family[.]" Evans, 636 S.E.2d at 635 (citing Thompson, 433 S.E.2d at 855). "[I]f the car

was not provided for the general use and convenience of the family, there is no

relationship of principal and agent at the time of the wreck to impose liability on the

parent." Evans, 636 S.E.2d at 635 (citing Thompson, 433 S.E.2d at 855). "Whether the

family purpose doctrine applies is ordinarily a question of fact for the jury, but where no

factual issue is created, the question becomes one of law, properly decided by the [trial]

court." Gause v. Smithers, 742 S.E.2d 644, 648 (S.C. 2013).

Clay contends that certain elements of the family purpose doctrine are not met

here. ECF No. 8 at 5–6. First, he argues that Katherine "was not a member of [his]

household at the time of the accident." Id. at 5. Second, the vehicle "was not [furnished]

for the general use and convenience of the family."[3] Id. at 6. To support these claims,

Clay points to Katherine's lease (the "lease"), attached as an exhibit to her answer, which

indicates that she leased a property separate from Clay's residence at the time of the

accident. Id. at 5 (citing ECF No. 6-1). Clay also cites to the Burlesons' answers to show

that Clay purchased the vehicle for Katherine's exclusive use when she was a minor with

---

[3] Clay further asserts that "ownership of the vehicle, without more, is legally insufficient" to trigger the doctrine, implying that Clay did not own the vehicle involved in the accident. See ECF No. 8 at 5–6. Stewart filed a motion for sanctions, since withdrawn, indicating that the vehicle is titled in Clay's name. See ECF Nos. 19 at 7, 19-1, 22. As such, the court does not consider Clay's argument as to ownership in its analysis.

this arrangement persisting until the time of the accident.[4]  ECF No. 8 at 5–6 (citing ECF No. 6 ¶ 12; ECF No. 7 ¶ 12).  Clay further relies on their answers to establish that Katherine was solely responsible for the vehicle's maintenance.  ECF No. 8 at 5–6; see also ECF Nos. 6 ¶ 12, 7 ¶ 12.

In opposition, Stewart responds that the court may only consider documents attached to an answer in deciding a motion for judgment on the pleadings when such documents are integral to the complaint and authentic.  ECF No. 13 at 5 (citing Massey, 759 F.3d at 353).  As such, Katherine's lease is not properly before the court, according to Stewart, because it is neither integral to the complaint nor has Clay shown its authenticity.  ECF No. 13 at 8.  Stewart also argues that a lease does not ipso facto establish residence, and therefore Clay's reliance on the lease at best generates a factual dispute that cannot be resolved on a motion for judgment on the pleadings.  See id.

In reply, Clay appears to argue that the lease conclusively establishes Katherine's residence at the time of the accident.  See ECF No. 14 at 3.  He further states that Stewart has not identified a factual allegation in her complaint to dispute the lease, instead relying on a conclusory statement that Katherine was a "member of Defendant's household[.]"[5] Id.; see also Compl. ¶ 29.  Clay concludes that his version of the facts "foreclose[s] any

---

[4] Katherine was twenty-four (24) years old at the time of the accident according to Clay's motion.  ECF No. 8 at 3.

[5] Clay only raises factual insufficiency as a ground for dismissal of the family purpose doctrine claim for the first time on reply.  See ECF Nos. 8, 14 at 3.  His initial motion only argues for judgment on the pleadings based upon the lease and the Burlesons' answers.  ECF No. 8 at 5–6, and so the court does not consider Clay's factual insufficiency argument as it relates to the family purpose doctrine claim.  See Clawson v. FedEx Ground Package Sys., Inc., 451 F. Supp. 2d 731, 734 (D. Md. 2006) ("The ordinary rule in federal courts is that an argument raised for the first time in a reply brief or memorandum will not be considered." (citing United States v. Williams, 445 F.3d 724, 736 n.6 (4th Cir. 2006))).

inference that the vehicle was used for family use or that Katherine was acting within a family unit headed by [Clay]." ECF No. 14 at 3.

The court agrees with Stewart that it should not consider the lease. As with a motion to dismiss, a court's resolution of a motion for judgment on the pleadings is "generally limited to a review of the allegations of the complaint itself" as well as consideration of "documents that are explicitly incorporated into the complaint by reference." Goines, 822 F.3d at 165–66 (citations omitted); see McCullough v. United Parcel Serv., Inc., 2025 WL 1747094, at *2 (D.S.C. June 4, 2025), report and recommendation adopted, 2025 WL 1744397 (D.S.C. June 24, 2025) (stating and applying the Rule 12(b)(6) motion analysis to a Rule 12(c) motion). The court may consider documents that are not attached or incorporated into the complaint, "so long as the document is integral to the complaint and there is no dispute about the document's authenticity." Goines, 822 F.3d at 166 (citing Sec'y of State For Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007)); see also Williams v. Barker, 462 F. Appx. 348, 352 (4th Cir. 2012) ("Matters—such as exhibits—are outside the pleadings if a complaint's factual allegations are not expressly linked to and dependent upon such matters." (emphasis added)). To be "integral," a document must be central a plaintiff's claim such that its "very existence, and not the mere information it contains, gives rise to the legal rights asserted." Walker v. S.W.I.F.T. SCRL, 517 F. Supp. 2d 801, 806 (E.D. Va. 2007); see Goines, 822 F.3d at 166 (requiring a plaintiff's complaint to "turn on" or be "based on" the contents of the document for it be integral); Chambers v. Time Warner,

8

Inc., 282 F.3d 147, 153 (2d Cir.2002) (explaining that a document is "integral to the complaint" "where the complaint relies heavily upon its terms and effect").

Stewart's complaint does not quote from or refer to Katherine's lease. See Compl.; Goines, 822 F.3d at 166 (reversing district court for considering a document outside complaint on motion to dismiss when complaint "included a few quotes from and references to" the document); see also Walker, 517 F. Supp. 2d at 806.   Moreover, the court agrees with Stewart that residence is not dispositive on the applicability of the family purpose doctrine, see Evans, 636 S.E.2d at 635, nor is the lease necessarily dispositive of Katherine's residence, see Est. of Nicholson v. S.C. Dep't of Health and Hum. Servs., 660 S.E.2d 303, 305–06 (S.C. Ct. App. 2008) (characterizing "residence" as a "somewhat general and fluid term[ ] . . . susceptible to varying interpretations.").  Thus, the complaint's allegation that Katherine was a member of Clay's household does not make the lease integral to the complaint.  See Williams, 462 F. Appx. at 352; Walker, 517 F. Supp. 2d at 806.  As such, the court will not consider it in deciding the instant motion.[6]  See Massey, 759 F.3d at 353.

Second, all of Clay's arguments—whether premised on the lease or the Burlesons' answers—only generate a factual dispute as to the applicability of the family purpose doctrine and the truth of the factual allegations in the complaint.  Compare ECF No. 8 at 5–6, with Compl. ¶¶ 27–30.  Such factual disputes are not fit for resolution on a

---

[6] Having determined that the document is not integral to the complaint, the court need not discuss whether the document is authentic.  See Massey, 759 F.3d at 347 (Court may only consider documents that are "integral to the complaint and authentic[ ]" in resolving Rule 12(c) motion) (emphasis added).

motion for judgment on the pleadings.[7]  See Massey, 759 F.3d at 353 ("We are mindful that '[a] Rule 12(c) motion tests only the sufficiency of the complaint and does not resolve the merits of the plaintiff's claims or any disputes of fact.'" (quoting Drager v. PLIVA USA, Inc., 741 F.3d 470, 474 (4th Cir. 2014))); see also Abdo v. Pompeo, 2020 WL 2614773, at *3 (D. Md. May 22, 2020) ("[A] motion for judgment on the pleadings is converted into a motion for summary judgment if 'matters outside the pleadings are presented to and not excluded by the court.' " (citing Fed. R. Civ. P. 12(d)) (emphasis added)); Bosiger v. U.S. Airways, 510 F.3d 442, 450 (4th Cir. 2007) (district court may not resolve factual disputes on motion to dismiss without converting motion into one for summary judgment).

As such, Clay's motion for judgment on the pleadings is denied because he prematurely seeks resolution of a factual dispute and asks the court to do so on the basis of a document that the court cannot consider at this stage in the proceedings.

### B.  Motion to Dismiss: Negligent Entrustment

Clay challenges the factual sufficiency of Stewart's negligent entrustment claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  See ECF No. 8 at 7.  In his initial motion, Clay states the elements of a negligent entrustment claim in the following manner: "(1) knowledge of or knowledge imputable to the owner that the driver was either addicted to intoxicants or had the habit of drinking; (2) the owner knew or had imputable knowledge that the driver was likely to drive while intoxicated; and (3) under these circumstances, the entrustment of a vehicle by the owner to such a driver."  ECF

---

[7] Again, while Clay argues the complaint's factual allegations are conclusory and therefore insufficient to state a claim, he only raises this argument for the first time in reply.  Supra p. 7 n.4.

No. 8 at 7 (quoting Gadson v. ECO Servs. of S.C., Inc., 648 S.E.2d 585, 588 (S.C. 2007)). Clay then observes that the complaint contains no allegation that Katherine was under the influence of drugs or alcohol, implying that this is an essential element to the claim. See ECF No. 8 at 7.

In opposition, Stewart argues that South Carolina law "does not limit claims of Negligent Entrustment to only situations involving alcohol or intoxication." ECF No. 13 at 7 (citing Becker v. Estes Express Lines, Inc., 2008 WL 701388, at *3 (D.S.C. Mar. 13, 2008)). In reply, Clay concedes that alcohol nor intoxication are required elements of a negligent entrustment claim. ECF No. 14 at 5. However, opinions from South Carolina appellate courts concerning negligent entrustment do not provide a clear answer as to whether a driver must be intoxicated in order to state a claim for negligent entrustment against the vehicle owner.[8] But, Clay makes no attempt to sift through the case law to

---

[8] In 2003 and 2007, the South Carolina Court of Appeals sought to broaden the scope of negligent entrustment claims beyond accidents involving an intoxicated driver. Lydia v. Horton, 540 S.E.2d 102, 106–107 (S.C. Ct. App. 2000); Gadson v. ECO Servs. of S.C. Inc., 2005 WL 7083475, at *2 (S.C. Ct. App. 2005). In each instance, the Supreme Court reversed, expressly declining to adopt the broader approach to negligent entrustment. Lydia v. Horton, 583 S.E.2d 750, 751–52 (S.C. 2003); Gadson, 648 S.E.2d at 176–77. Despite these reversals and only a year after Gadson was decided, the Supreme Court—via a footnote—stated the negligent entrustment standard in broad terms without mention of an intoxication requirement. USAA Prop. and Cas. Ins. Co. v. Clegg, 661 S.E.2d 791, 798 n.7 (S.C. 2008). In 2009, the Court of Appeals noted that the elements of a negligent entrustment claim "have varied[ ]" over the years but declined to dispense with the intoxication requirement because neither party had requested that the court do so. Jones v. Enter. Leasing Company-Se., 678 S.E.2d 819, 822–23 (S.C. Ct. App. 2009). In 2015, the Court of Appeals again confronted the issue but determined that it was not preserved for appellate review. Cox v. Pinckney, 2015 WL 4571526, at *1 (S.C. Ct. App. 2015). Two judges on the Cox panel concurred in a separate opinion to state their belief that "the tort of negligent entrustment is not restricted to situations involving the presence of alcohol." Id. (Thomas, J., concurring). Without further direction from South Carolina appellate courts, it is difficult to discern whether intoxication is required to state a claim for negligent entrustment at this time.

11

argue that intoxication is required, and the court will not do so unprompted.  As such, the court decides this motion on the assumption that intoxication is not required to state a claim for negligent entrustment because Clay has conceded the point.  See ECF No. 14 at 5.

For Stewart's part, despite arguing that alcohol and intoxication are not required elements of the tort, he only provides the court with a broader formulation of the elements through citation to secondary source material from the South Carolina Bar. ECF No. 13 at 6.  While secondary source materials are often instructive, they are not the law.  Cf. Casey v. Beeker, 321 So. 3d 662, 670 (Ala. 2020) (Parker, C.J., concurring) (explaining that "no argument should rest solely on persuasive authority if mandatory authority exists[ ]" and that "attorneys cannot depend solely on secondary authority if there is primary authority available.").  Because Clay concedes that alcohol nor intoxication are required elements and Stewart does provide any binding authority to that effect for the court to apply, the court will apply the following formulation of the tort provided by the South Carolina Supreme Court: "[T]he owner or one in control of the vehicle and responsible for its use who is negligent in entrusting it to another can be held liable for such negligent entrustment."  Am. Mut. Fire Ins. Co. v. Passmore, 274 S.E.2d 416, 418 (S.C. 1981).

Having established the standard that will govern the negligent entrustment analysis, the court now turns to whether Stewart has plausibly alleged the claim.  Clay argues that the complaint contains only conclusory allegations in support of the negligent entrustment claim.  ECF No. 8 at 7.  In response, Stewart relays the elements of the tort (again, as provided in a secondary source) and then provides corresponding paragraphs of

12

the complaint that, in his view, satisfy each element. ECF No. 13 at 6. Those paragraphs

are provided below:

> 42.   Upon information and belief, Defendant knew or should have known that Katherine Burleson's driving record, background, history of speeding, known cell-phone use while driving, and lack of training or experience was evidence that she was likely to be a negligent/reckless driver and/or incapable of complying with the laws governing the operation of a motor vehicle on a highway, and was therefore a reckless driver.
>
> 43.   Defendant Clay Burleson negligently and/or recklessly entrusted the use of his motor vehicle and an inherently dangerous instrumentality, to Katherine Burleson despite the fact that he knew or should have known that she lacked proper training and experience because Defendant had actual or constructive notice that Katherine Burleson was unfit, inexperienced, incompetent, and lacked training to safely drive and maintain the motor vehicle.
>
> 45.   As a direct and proximate result of the aforesaid acts and/or omissions of the Defendant, Plaintiff suffered fatal injuries, [satisfying the elements of damages required for a wrongful death claim].

Compl. ¶¶ 42–43, 45. The court notes that Stewart omits the phrase "upon information

and belief" from paragraph 42 of the complaint when quoting it in his brief. See Compl.

¶ 42; ECF No. 13 at 6. In reply, Clay persists in arguing that the complaint offers nothing

more than "conclusory allegations untethered to specific facts[.]" ECF No. 14 at 4.

The ultimate question is whether the court can draw the reasonable inference that

Clay is liable under a theory of negligent entrustment when accepting Stewart's

allegations as true and drawing all reasonable inferences therefrom in his favor. See

Ashcroft, 556 U.S. at 678. The court acknowledges that this is a close question given that

Stewart pleads many allegations "upon information and belief." Compl. ¶¶ 3, 4, 12, 14,

15, 16, 39, 40, 41, 42. A plaintiff "is generally permitted to plead facts on 'information

and belief' if such plaintiff is in a position of uncertainty because the necessary evidence

13

is controlled by the defendant." Ridenour v. Multi-Color Corp., 147 F. Supp. 3d 452, 456 (E.D. Va. 2015).

As the Fourth Circuit has recently explained, use of "information and belief" in a pleading "is expressly authorized by the applicable Rules of Civil Procedure, when the allegations are based on 'sufficient factual material that makes the inference of culpability plausible.' " Lowy v. Daniel Def., LLC, 167 F.4th 175, 199 (4th Cir. 2026) (quoting Ahern Rentals, Inc. v. EquipmentShare.com, Inc., 59 F.4th 948, 954 (8th Cir. 2023)); see also Fed. R. Civ. P. 11(b)(3) (providing that by signing a pleading, the attorney certifies that factual contentions therein, to the best of their "knowledge, information, and belief[ ]" "have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for . . . investigation or discovery[.]"). The rationale underlying the Fourth Circuit's holding in Lowy was that "federal courts cannot always expect plaintiffs to provide robust evidentiary support for their allegations at the pleading stage, because, in some contexts, that information may not be available to [the plaintiffs] before discovery[.]" Lowy, 167 F.4th at 199 (quoting Ahern Rentals, 59 F.4th at 954) (first alteration in original). As a result, the Fourth Circuit concluded that allegations pleaded upon information and belief are not "categorically insufficient to state a claim for relief where proof supporting the allegation is within the sole possession and control of the defendant or where the belief is based on sufficient factual material that makes the inference of culpability plausible." Lowy, 167 F.4th at 199 (emphasis in original) (internal quotation marks and citation omitted).

Notably, Stewart alleges, without the "information and belief" caveat, that the collision occurred after Decedent had come "to a complete stop behind the traffic in front

14

of her[ ]" and that Katherine's odometer was "frozen at . . . [seventy-five] 75 miles per hour[ ]" after the collision. Compl. ¶¶ 10, 17. The allegation that Katherine was driving while distracted is therefore based on sufficient factual material to make "the inference of culpability plausible[ ]" in these circumstances. See Lowy, 167 F.4th at 199; Compl. ¶¶ 10, 14–15, 17, 42; see also Raub v. Bowen, 960 F. Supp. 2d 602, 615 (E.D. Va. 2013) (explaining that, although facts alleged upon "information and belief" are "tenuous at best," the practice is permitted under Rule 8(a) when relying on "second-hand information to make a good-faith allegation of fact."). Moreover, Katherine's driving history is within her possession and control, and it is reasonable to infer that her father knew of her driving history and tendencies. See Lowy, 167 F.4th at 199; Compl. ¶ 42. As such, Stewart has properly employed "information and belief" pleading in his complaint, and the court therefore accepts as true the complaint's allegations that Katherine was driving while distracted, that she had a history of doing so, and that Clay had knowledge of her tendency to do so. See Ashcroft, 556 U.S. at 678; Compl. ¶¶ 15, 42.

Assuming these allegations to be true, the court is able to reasonably infer that Clay was "negligent in entrusting [the vehicle] to another . . . ." See Passmore, 274 S.E.2d at 621; Ashcroft, 556 U.S. at 678. As such, the court finds that Stewart has plausibly alleged a claim for negligent entrustment.

## IV.   CONCLUSION

For the reasons set forth above, the court **DENIES** Clay's motion for judgment on the pleadings and his motion to dismiss, ECF No. 8.  The court **DISMISSES** Stewart's punitive damages claim against Clay.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**April 13, 2026**
**Charleston, South Carolina**